# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-466V
Filed: September 18, 2015
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SHOLOM WOLMAN and YONIT WOLMAN in their own right and as best friends of their son SDW, | \* \* \* \* | |
| Petitioners, | \* \* | Petitioner's motion for a ruling on the record granted; no expert |
| v. | \* \* | report to prove significant aggravation of esophagitis; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | medical records do not support. |
| Respondent. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

John F. McHugh, New York, NY, for petitioners.
Christine M. Becer, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On May 7, 2015, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that haemophilus B influenza ("HiB"), measles-mumps-rubella ("MMR"), pneumococcal ("Prevnar"), and chickenpox ("Varicella") vaccines administered on June 11, 2012 significantly aggravated their son SDW's pre-existing esophagitis.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

The undersigned, having reviewed the medical records, finds they do not support petitioners' allegations.  The medical records substantiate that SDW had been throwing up daily since he was four months old and do not indicate any significant worsening eight months later when he received the allegedly-causative vaccinations.  The undersigned cannot rule in petitioners' favor based solely on their allegations unsupported by medical records or medical opinion. 42 U.S.C. § 300aa-11(a)(1).  Petitioners have not filed a medical expert opinion in support of their allegations.

The Vaccine Act defines "significant aggravation" as follows: "The term 'significant aggravation' means any change for the worse in a preexisting condition which results in markedly greater disability, pain, or illness accompanied by substantial deterioration of health." 42 U.S.C.  § 300aa-33(4).

On September 18, 2015, petitioners filed a Status Report requesting the undersigned issue a decision on the record as it stands.  The undersigned interprets this Status Report as a motion for a ruling on the record.  Since, no medical records support significant aggravation of SDW's pre-existing gastritis and petitioners have not filed an expert medical report supporting their allegations, the undersigned dismisses this case.

The undersigned **GRANTS** petitioners' motion and **DISMISSES** this case.  The telephonic status conference previously set for October 29, 2015 is hereby cancelled.

**FACTS**

**Pre-June 11, 2012 vaccination records**

SDW was born on June 9, 2011.

On August 24, 2011, he received DTaP ("diphtheria-tetanus-acellular pertussis"), hepatitis B, HiB, IPV ("inactivated polio vaccine"), and Prevnar vaccinations.  Med. recs. Ex. 4, at 64.

On October 26, 2011, he received DTaP, hepatitis B, HiB, IPV, and Prevnar vaccinations. Id.  On November 2, 2011, he was diagnosed with atopic dermatitis.  On December 15, 2011, he was diagnosed with eczema.

On December 28, 2011, he received DTaP, HiB, IPV, Prevnar, and rotavirus ("Rotateq") vaccinations.  Id.

On January 5, 2012, SDW saw Dr. Mary Georgy, an allergist and immunologist.  Med. recs. Ex. 5, at 38.  SDW had a rash which started when he was four to five months old.  Id.  His family history included a grandmother and his father who have eczema.  Id.  He lived in a basement with a musty smell.  Id. at 39.  Her diagnosis was likely atopic dermatitis.  Id.  Food

2

was likely contributing to its severity.  Id.  The source was likely from SDW's mother's diet.  Id.  Dr. Georgy told SDW's mother to avoid eggs and milk.  Id.  SDW was to avoid soy and cow's milk.  Id.

On March 28, 2012, he received hepatitis B vaccine.  Id.

On June 11, 2012, he received HiB, MMR, Prevnar and Varicella vaccinations.  Id.

### Post-June 11, 2012 vaccination records

On July 8, 2012, SDW was vomiting on and off for two months and was allergic to eggs, milk, soy, nuts, and sesame.  Med. recs. Ex. 8, at 39.

On July 12, 2012, SDW visited his pediatrician's office and saw medical assistant Feiga Berenbaum, who noted SDW had no known problems.  Id. at 28.  He was allergic to egg, milk, soybean, sesame, and dust.  Id.

On September 27, 2012, SDW received DTaP and hepatitis A vaccinations.  Med. recs. Ex. 4, at 64, and Ex. 8, at 25.

On March 13, 2012, SDW saw Dr. Jonathan Spergel, Allergy Section Chief, at Children's Hospital of Philadelphia.  Med. recs. Ex. 8 at 30.  SDW had eczema, food allergies, and vomiting.  Id.  SDW had had eczema since he was four months of age affecting his entire body.  Id.  The eczema had improved over time.  Id.  Currently, the eczema was mainly on his face.  Id.  Triggers of eczema included viral infections.  Id.  His face broke out with spinach, broccoli, and tuna.  Id.  He was currently on a gluten-free diet.  Id.  He vomited after soy.  Id.  The family tried various alternative therapies including avoiding nightshade foods and gluten without any medical evidence to support it.  Id. at 31.  Also, the family was going to a chiropractor for SDW's eczema.  Id.  Dr. Spergel diagnosed SDW with GERD ("gastroesophageal reflux disease").  Id.  He prescribed Zantac and suggested SDW obtain an upper gastrointestinal evaluation.  Id.

On March 18, 2013, SDW saw Dr. Marcos Alfie, a pediatric gastroenterologist.  Med. recs. Ex. 3, at 12.  SDW had a several month history of gastroesophageal reflux ("GER") plus eczema.  Id.  His mother said SDW had been having issues with vomiting every day and with regurgitation since he was about four months old.  Id.  He had eczema on his head, trunk, and extremities.  Id.  He had poor weight gain over the last several months.  Id.  His vomit always contained food in it with gastric secretions.  Id.  Skin testing found that he was allergic to soy, peanut, milk, and beef.  Id.  SDW had a family history of GER and irritable bowel syndrome.  Id. at 14.  Dr. Alfie diagnosed SDW with gastrointestinal symptoms stemming from partially treated food allergies.  Id.

### DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by

preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.'" Althen v. Sec'y of HHS 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioners must show not only that but for SDW's June 11, 2012 vaccinations, he would not have had significantly aggravated gastritis, and that these vaccinations were a substantial factor in significantly aggravating his gastritis, but also that his gastritis was significantly worse after his June 11, 2012 vaccinations than it was before those vaccinations. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999). The undersigned notes that SDW has been vomiting daily since he was four months of age and the June 11, 2012 vaccinations occurred when he was one year old. The medical records do not indicate any significant aggravation, i.e., "any change for the worse in a preexisting condition which results in markedly greater disability, pain, or illness accompanied by substantial deterioration of health." 42 U.S.C. § § 300aa-33(4).

The Vaccine Act does not permit the undersigned to rule for petitioners based on their claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, none of SDW's medical records substantiate petitioners' claim of significant aggravation. Moreover, petitioners have not filed an expert medical opinion substantiating their claims.

The undersigned **GRANTS** petitioners' motion for a ruling on the record and **DISMISSES** this case for petitioners' failure to prove by a preponderance of the evidence the matters required in the petition. 42 U.S.C. § 300aa-13(a)(1).

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately,

**IT IS SO ORDERED.**

Dated:  September 18, 2015                                                                   /s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

filing a notice renouncing the right to seek review.